UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BROADCAST MUSIC, INC.; FOREIGN IMPORTED PRODUCTIONS AND PUBLISHING, INC.; WELSH WITCH MUSIC; PRIMARY WAVE BOPS; PEER INTERNATIONAL CORPORATION; GIBB BROTHERS MUSIC; and CROMPTON SONGS;<br><br>Plaintiffs,<br><br>v.<br><br>MAZZO LLC d/b/a PIER 131 KITCHEN + BAR and ARTAN ISMAILI,<br><br>Defendants. | Civil Action No. 24-337<br><br>**COMPLAINT** |

Plaintiffs Broadcast Music, Inc., Foreign Imported Productions and Publishing, Inc., Welsh Witch Music, Primary Wave Bops, Peer International Corporation, Gibb Brothers Music, and Crompton Songs (collectively, "Plaintiffs"), for their Complaint against Defendants Mazzo LLC d/b/a Pier 131 Kitchen + Bar and Artan Ismaili (collectively, "Defendants"), allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

**JURISDICTION AND VENUE**

1. This is an action for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(a).

**THE PARTIES**

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade

Center, 250 Greenwich Street, New York, New York 10007.  BMI has been granted the right to license the public performance rights in 20.6 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit.  All Plaintiffs are joined pursuant to Federal Rule of Civil Procedure 17(a) and 19(a).

5. Plaintiff Foreign Imported Productions and Publishing, Inc. is a corporation.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

6. Plaintiff Welsh Witch Music is a sole proprietorship owned by Stephanie Nicks. This Plaintiff is a copyright owner of at least one of the songs in this matter.

7. Plaintiff Primary Wave Bops is a limited partnership owned by Primary Wave Music IP Fund 2 GP, LLC and PWMP Ventures LLC.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

8. Plaintiff Peer International Corporation is a corporation.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

9. Plaintiff Gibb Brothers Music is a partnership owned by the Estate of Maurice Ernest Gibb and the Estate of Robin Gibb.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

10. Plaintiff Crompton Songs is a sole proprietorship owned by Barry Alan Gibb.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

11. Defendant Mazzo LLC is a limited liability company organized and existing under the laws of the state of Connecticut that operates, maintains and controls an establishment known as Pier 131 Kitchen + Bar (the "Establishment"), located at 9 Riverside Drive, Shelton,

Connecticut 06484, in this district.

12. In connection with the operation of the Establishment, Defendant Mazzo LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

13. Defendant Mazzo LLC has a direct financial interest in the Establishment.

14. Defendant Artan Ismaili is a member of Defendant Mazzo LLC with responsibility for the operation and management of that limited liability company and the Establishment.

15. Defendant Artan Ismaili has the right and ability to supervise the activities of Defendant Mazzo LLC and a direct financial interest in that limited liability company and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

16. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 15.

17. Since June 2022, BMI has reached out to Defendants over sixty (60) times, by phone, mail, and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

18. Plaintiffs allege four (4) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient

administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

19. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the four (4) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

20. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

21. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

22. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical

4

composition listed on Line 2.

23. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

24. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. § 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. § 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

Dated: March 12, 2024               **GIBBONS P.C.**

/s/ Robert D. Brown, Jr.
Robert D. Brown, Jr. (ct31557)
J. Brugh Lower
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (973) 596-0545
rbrown@gibbonslaw.com
jlower@gibbonslaw.com

*Attorneys for Plaintiffs*

# *Schedule*

| Line | Field | Value |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Conga |
| Line 3 | Writer(s) | Enrique E. Garcia |
| Line 4 | Publisher Plaintiff(s) | Foreign Imported Productions and Publishing, Inc. |
| Line 5 | Date(s) of Registration | 4/5/85 |
| Line 6 | Registration No(s). | PA 245-877 |
| Line 7 | Date(s) of Infringement | 11/17/2023 |
| Line 8 | Place of Infringement | Pier 131 Kitchen + Bar |

| Line | Field | Value |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | Dreams |
| Line 3 | Writer(s) | Stevie Nicks |
| Line 4 | Publisher Plaintiff(s) | Stephanie Nicks, an individual d/b/a Welsh Witch Music; Primary Wave Music IP Fund 2 GP, LLC and PWMP Ventures LLC, a Limited Partnership d/b/a Primary Wave Bops |
| Line 5 | Date(s) of Registration | 4/1/77 |
| Line 6 | Registration No(s). | Eu 772675 |
| Line 7 | Date(s) of Infringement | 11/17/2023 |
| Line 8 | Place of Infringement | Pier 131 Kitchen + Bar |

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | Walk Like An Egyptian |
| Line 3 | Writer(s) | Liam Sternberg |
| Line 4 | Publisher Plaintiff(s) | Peer International Corporation |
| Line 5 | Date(s) of Registration | 2/11/86 |
| Line 6 | Registration No(s). | PA 278-841 |
| Line 7 | Date(s) of Infringement | 11/17/2023 |
| Line 8 | Place of Infringement | Pier 131 Kitchen + Bar |

| | | |
|---|---|---|
| Line 1 | Claim No. | 4 |
| Line 2 | Musical Composition | You Should Be Dancing |
| Line 3 | Writer(s) | Barry Gibb; Maurice Gibb; Robin Gibb |
| Line 4 | Publisher Plaintiff(s) | Estate of Maurice Ernest Gibb and the Estate of Robin Gibb d/b/a Gibb Brothers Music; Barry Alan Gibb, an individual d/b/a Crompton Songs |
| Line 5 | Date(s) of Registration | 7/21/76   5/31/77   3/19/84   3/19/84 |
| Line 6 | Registration No(s). | Eu 701122   Ep 369588  PAu 618-260 PA 209-608 |
| Line 7 | Date(s) of Infringement | 11/17/2023 |
| Line 8 | Place of Infringement | Pier 131 Kitchen + Bar |